## (November 15, 1948.)

ADOLPH APTON, Appellant, v. BARCLAYS BANK, LIMITED, Respondent.— Action against an English bank to recover damages for alleged breach of contract and conversion. In six causes of action it is alleged that in the year 1938 defendant, with which plaintiff, a resident of Vienna, Austria, maintained a bank account, in violation of English law and in breach of the contract of deposit, and otherwise by conversion, divulged to the German invaders of Austria information with respect to plaintiff's bank account and transmitted to the "Reichsbank" in Vienna, Austria, the balance of his bank account, equivalent to $21,087.18. In a seventh cause of action it is alleged that defendant, in the same year, unlawfully and in violation of the contract of deposit, refunded at London to the depositary of a debtor of plaintiff, a sum of money which had been deposited with defendant, through the said depositary, for the purpose of credit to plaintiff's account in repayment of said debtor's indebtedness to plaintiff. Order dismissing the complaint on the ground that each of the causes of action did not accrue within the time limited by law for the commencement of an action thereon, annulling a warrant of attachment theretofore issued, and directing the sheriff of the City of New York to release property which may have been attached by reason of the warrant of attachment, modified on the law and the facts by striking out the four ordering paragraphs and substituting in lieu thereof the following provision: " Ordered that the said motion be and it

hereby is granted to the extent that the seventh cause of action in the complaint is dismissed, and that the motion in all other respects is denied." As so modified, the order is affirmed, without costs. The judgment herein is modified accordingly and, as so modified, is affirmed, without costs. In our opinion, the alleged conduct of defendant, complaint of which is made in the seventh cause of action, took place only in England. Accordingly that cause of action arose, if at all, in England and is barred by the six-year English Statute of Limitations. With respect to the first six causes of action, the record does not disclose that the place of delivery of the letter or the transfer of the moneys was elsewhere than "at Vienna". Therefore, assuming that the causes of action are valid, it may not be said, upon this record, that the causes of action did not arise in Austria. It is the opinion of the defendant's expert on Austrian law, that the Austrian three-year Statute of Limitations is applicable to these causes of action. The opinion of plaintiff's expert concerns the Austrian Statute of Limitations which governs an action for the repayment of a bank deposit, which is not this action. If it were such action, the place where the deposit was payable would be the place of the accrual of the cause of action, and since that would be England, all the causes would be barred by the English Statute of Limitations. However, the Austrian Statute of Limitations, in any event, is tolled by the 1948 amendment to section 13 of the Civil Practice Act (L. 1948, ch. 834), such amendment having been enacted subsequent to the decision of the Special Term. There is sharp dispute between the respective experts as to whether it is the further law of Austria that its Statute of Limitations has been tolled. Under the circumstances, we need not decide that question at this time. Johnston, Acting P. J., Nolan, Sneed and Wenzel, JJ., concur; Adel, J., dissents and votes to affirm the order and judgment, with the following memorandum: The English statute should be applied to the cause of action because the loss, if any, occurred in England. [191 Misc. 629.] [See post, p. 1065.]