JAMES A. TILLMAN, Appellant, *v.* THE GUARANTY TRUST COMPANY OF NEW YORK, Respondent.

(Argued February 11, 1930; decided March 18, 1930.)

*Boris M. Komar* for appellant. Under section 15 of the Civil Practice Act, in the case of a bank deposit the accrual of the right to make a demand does not commence

the running of the Statute of Limitations. (*Bills* v. *Silver King Mining Co.*, 106 Cal. 9; *Riggs* v. *Palmer*, 115 N. Y. 506; *Sokoloff* v. *Nat. City Bank*, 250 N. Y. 69; *Delahunty* v. *Central Nat. Bank*, 37 App. Div. 434; *Nathan* v. *Equitable Trust Co.*, 250 N. Y. 250.) Under section 15 of the Civil Practice Act, the statute does not begin to run until a demand to pay a deposit is made on a bank, and the demand cannot be construed to mean either a disavowal of liability or a refusal to pay. (*Bank of B. N. A.* v. *Merchants Nat. Bank*, 91 N. Y. 107; *Downs* v. *Phœnix Bank*, 6 Hill, 298; *Wasserstrom* v. *Public Bank*, 123 N. Y. Supp. 56; *Williams* v. *Flagg Storage Warehouse Co.*, 128 Misc. Rep. 566; *Farmers Nat. Bank* v. *Wallace & Co.*, 263 S. W. Rep. 1105; *Davenport* v. *Prince*, 56 Fed. Rep. 186; *Silverman* v. *Nat. City Bank*, 133 Misc. Rep. 201; *Shipman* v. *Bank of State of New York*, 126 N. Y. 318; *Hartford* v. *Greenwich Bank*, 157 App. Div. 448.) Respondent's letter did not give rise to the causes of action herein. (*Brooklyn Heights R. R. Co.* v. *Brooklyn City R. R. Co.*, 105 App. Div. 88; *Sokoloff* v. *Nat. City Bank*, 250 N. Y. 69; *Silverman* v. *Nat. City Bank*, 133 Misc. Rep. 201; *Bowen* v. *Young*, 37 Misc. Rep. 547; *Mitchell* v. *Baring*, 10 B. & C. 4; *Powell-Sanders Co.* v. *Carssow*, 28 Idaho, 201; *Merrifield* v. *Cobleigh*, 58 Man. 178; *Kimball* v. *Rowland*, 72 Mass. 224; *Shaler* v. *Van Wormer*, 33 Mo. 386; *Davenport* v. *Prince*, 56 Fed. Rep. 186; *U. S. Fidelity & Guaranty Co.* v. *Union Bank & Trust Co.*, 228 Fed. Rep. 488.)

*Ralph M. Carson* and *William C. Cannon* for respondent. Respondent's letter when communicated to appellant's assignors, gave rise immediately to the causes of action asserted in the complaint. (*Sokoloff* v. *Nat. City Bank*, 250 N. Y. 69; *Delahunty* v. *Central Nat. Bank*, 37 App. Div. 434; *Farmers' & Mechanics' Bank* v. *Planters Bank*, 10 Gill & J. 422; *Mifflin Co. Nat. Bank* v. *Fourth Street Nat. Bank*, 8 Pa. Dist. 477; *Masonic Benefit Assn.*

v. *First State Bank,* 55 So. Rep. 408; *First Nat. Bank* v. *Peck,* 103 N. E. Rep. 643; *U. S. Fidelity & Guaranty Co.* v. *Union Bank & Trust Co.,* 228 Fed. Rep. 448; *Coleman* v. *First Nat. Bank,* 43 S. W. Rep. 940.) There was an actual demand precedent to the refusal. (*Sokoloff* v. *Nat. City Bank,* 250 N. Y. 69; *Silverman* v. *Nat. City Bank,* 133 Misc. Rep. 201.)

*Per Curiam.* The complaint sets forth a cause of action for a deposit of money not to be repaid at a fixed time but only upon special demand. In October, 1920, the Deutsche Bank at the request of the depositor sent to the defendant a letter of inquiry concerning the status of the deposit account. The letter contained no present demand for the payment or transfer of the money on deposit. Demand was to await the reply to the inquiry. The defendant in reply stated unequivocally that the plaintiff's assignors had no valid claim to any deposit and that the defendant held no " balance " at their disposal. Thereafter no demand was necessary to entitle the plaintiff's assignors to maintain an action for the money on deposit. (*Riggs* v. *Palmer,* 115 N. Y. 506; *Sokoloff* v. *National City Bank,* 250 N. Y. 69.) The period of limitation during which an action may be brought must be computed from the time of the accruing of the right to relief by action, except as otherwise specifically prescribed by statute. (Civ. Prac. Act, § 15.) Special rules prescribed in section 15 of the Practice Act govern the computation of periods of limitation where a right exists but a demand is necessary to entitle a person to maintain an action. So long as demand is necessary to entitle a depositor to bring an action, the provisions of section 15 apply. They have no application after right to relief by action is complete without demand. By failure to make a demand which is unnecessary, a depositor cannot prevent the period of limitation from running against a cause of action which he is entitled to maintain without demand.

The court at Special Term did not err either in denying the motion to vacate the *ex parte* order extending defendant's time, or in granting the motion to dismiss the complaint.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.