246 S.C. 140 (1965)
142 S.E.2d 874
The CITIZENS AND SOUTHERN NATIONAL BANK OF SOUTH CAROLINA, Respondent,
v.
The STATE BUDGET AND CONTROL BOARD of South Carolina, The South Carolina National Bank of Charleston, S.C. The First National Bank of South Carolina, The Peoples National Bank of South Carolina, and The Federal Reserve Bank of Richmond, Virginia, Defendants, of which the State Budget and Control Board of South Carolina is Appellant.
18362
Supreme Court of South Carolina.
June 15, 1965.
*141 Messrs. Daniel R. McLeod, Attorney General, and Grady L. Patterson, Jr., Assistant Attorney General, of Columbia, for Appellant.
Messrs. Robinson, McFadden & Moore, of Columbia, for Respondent, The Citizens and Southern National Bank of South Carolina.
Messrs. Leatherwood, Walker, Todd & Mann, of Greenville, for Respondent, The Peoples National Bank of Greenville, S.C..
*142 Messrs. Boyd, Bruton, Knowlton & Tate, of Columbia, for the First National Bank of South Carolina, and Messrs. Nelson, Mullins, Grier & Scarborough, of Columbia, for the Federal Reserve Bank of Richmond, Virginia.
June 15, 1965.
BRAILSFORD, Justice.
The sole question involved on this appeal, of first impression in this jurisdiction, is when the statute of limitations starts to run on a depositor's cause of action against a bank to recover funds paid out on check bearing forged endorsement and charged to depositor's account.
The circuit court held that the statute commences to run when the check bearing forged endorsement is returned to the depositor as a cancelled voucher with a statement showing that it has been charged to his account. We agree. This view has been adopted by the Courts of California, Kansas, Mississippi, Washington and Wisconsin, while only New York and Florida have reached a contrary result. See Annotation, 82 A.L.R. (2d) 933, where all of the citations which have been called or come to our attention will be found.
A divided Florida court applied what it referred to as the "`blameless ignorance' doctrine, under which the statute *143 of limitations begins to run only upon discovery of the fact that a right, which will support a cause of action, has been invaded * * *", in holding that the statute does not begin to run until the depositor discovers, or by the exercise of ordinary business care would have discovered, that the endorsement is a forgery. Miami Beach First National Bank v. Edgerly, Fla., 121 So. (2d) 417, 82 A.L.R. (2d) 927. This doctrine is contrary to the great weight of authority, 34 Am. Jur., p. 186, 54 C.J.S., p. 216, and is not the law of this State. Livingston v. Sims, 197 S.C. 458, 15 S.E. (2d) 770.
The point has apparently not been considered in New York since the 1934 decision in City of New York v. Fidelity Trust Co., 243 App. Div. 46, 276 N.Y.S. 341, which turned on "subdivision 2 of section 15 of the Civil Practice Act, which provides that: `When there was a deposit of money not to be repaid at a fixed time only upon a special demand * * * the time must be computed from the demand.'" The court pointed out that the bank became a debtor to the plaintiff for all sums deposited, but that the debt did not become due until demand actually made. Therefore, the depositor had no cause of action for such debt until actual demand, and, until then, the statute did not begin to run.
Perhaps because the statute was regarded as controlling, the court in the Fidelity case took no notice of the reasoning on which the majority view rests; i. e., that the return of the check and accompanying statement is, to this extent, a denial of the debt by the bank, which dispenses with the requirement of a demand before action brought. The rationale of the majority view, with which we agree, was well stated in Kansas City Title & Trust Co. v. Fourth National Bank of Wichita, 135 Kan. 414, 10 P. (2d) 896, 87 A.L.R. 334. After pointing out that a deposit is a debt payable on demand and, ordinarily, an action will not lie against the bank until such demand has been made, the court continued:
*144 "`* * * But where the bank renders a statement to the depositor showing him the status of his checking account, it says to him in effect: "This bank owes you this stated balance, and no more." Such statement may fairly be construed as a notice that any claim the depositor may make in excess of the stated balance would be resisted by the bank. And in view of the situation the depositor's formal demand for a greater sum would be unnecessary to perfect the depositor's cause of action, and likewise to set in motion the Statute of Limitations. If this is not the legal effect of the bank's monthly statement to its depositor, it is not apparent what function the monthly statement performs.'"
The other decisions in point are digested in the annotation above cited.
Affirmed.
TAYLOR, C.J., and MOSS, LEWIS and BUSSEY, JJ., concur.