## ALLIED FIDELITY INSURANCE CO., In Liquidation, Appellant,

v.

## BANK OF OKLAHOMA, NATIONAL ASSOCIATION, Appellee.

### No. 84255.

Supreme Court of Oklahoma.

April 11, 1995.

I. Michele Drummond, Wagner, Stuart & Cannon, Tulsa, for appellant.

J. Michael Medina, Holliman, Langholtz, Runnels & Dorwart, P.C., Tulsa, for appellee.

SUMMERS, Justice.

The only issue before us in this suit by a depositor against its bank is whether the statute of limitations bars the claim. Bank argues the time-bar commenced running when bank notified depositor it had paid out funds represented by depositor's certificates of deposit to the wrong person. Depositor maintains the statute didn't start to run until it unsuccessfully made demand on the bank

for its money. The trial court and Court of Appeals held that limitations had run and gave bank summary judgment. On certiorari we conclude that depositor is correct, and thus reverse and remand.

Allied Fidelity Insurance Co. owned eight certificates of deposit worth over $152,000.00, representing funds on deposit with the Bank of Oklahoma. The certificates were time deposits, with a provision that if the funds were not demanded at maturity, or within ten days, they were automatically redeposited for a term equal to the original term. In June, 1986 the bank improperly paid out money in that amount to one Donald Havenar, an agent of Allied for bail bond writing purposes. We need not further detail the arrangement between Allied, Havenar, and the bank; the bank has sued Havenar for his unauthorized withdrawal and has a judgment against him in a separate case.

In April and May of 1987 the liquidation manager for Allied, then in liquidation, requested information regarding the status of the C.D.'s. Bank, through its attorney, on May 27, 1987 advised it had paid all the funds represented by the eight certificates to Havenar. Allied made no demand for payment until September 21, 1991. Receiving no satisfaction, Allied sued on May 18, 1993, alleging breach of contract and conversion.

On motions for summary judgment the trial court noted that Allied had conceded its conversion claim was out of time, found the applicable statute of limitations on the contract claim to be five years under 12 O.S.1991 § 95 (first), found the five year period began to run on May 27, 1987, and found the cause to thus be time-barred.[1] The Court of Appeals affirmed by summary opinion.

At the outset we note that the parties debate the applicability of yet another statute of limitations. Title 12A O.S.Supp.1992 § 3–118(e) provides:

An action to enforce the obligation of a party to a certificate of deposit to pay the instrument must be commenced within six (6) years after demand for payment is made to the maker, but if the instrument states a due date and the maker is not required to pay before that date, the six-year period begins when a demand for payment is in effect and the due date has passed.

Bank argues that the 1992 revisions to the Commercial Code *excludes* non-negotiable paper, that these time deposits were non-negotiable instruments, and that the six-year limitations period is not applicable. Allied responds that it matters not whether we apply the six-year period for C.D.'s, or the five-year one for contracts generally, and that is because the case was filed within two years following Allied's first demand for its money.

■ The first (and as it turns out, the only) question before us is to fix the date on which the statute of limitations began to run. A statute of limitations does not commence to run until a plaintiff has a legal right to sue. *Samuel Roberts Noble Foundation, Inc. v. Vick,* 840 P.2d 619, 622 (Okla.1992); *Loyal Order of Moose v. Cavaness,* 563 P.2d 143, 146 (Okla.1977). Defendant bank argues this occurred when it notified Plaintiff it had paid "Plaintiff's money" to someone else. Plaintiff Insurance Company maintains it did not occur until its liquidation agent made demand for the deposits. In ruling for the bank the lesser courts have misperceived the relationship between a bank and its depositor.

■ First, the relationship between a bank and its depositor is contractual. *Brown v. Eastman National Bank of Newkirk,* 291 P.2d 828, 829 (Okla.1955). A non-negotiable certificate of deposit is a contract which takes the form of a promissory note. *Downing v. First Bank of Claremore,* 756 P.2d 1227, 1229 (Okla.1988). So even if the six year statute at 12A O.S.1992 Supp. § 3–

---

1. The Court also denied Allied's motion for summary judgment. Other issues were raised at the summary judgment level, but the trial judge declared that by reason of the limitations disposition the court need not reach them. That part of the judgment disposing of the conversion claim

is not challenged on appeal. Thus, we need not reach the propriety of an action for conversion arising out of a debtor-creditor relation. *But see, Steenbergen v. First Federal Savings & Loan,* 753 P.2d 1330 (Okla.1987).

118(e) does not apply, the five year statute at 12 O.S.1991 § 95 (first), does.

■ Second, and more specifically, the relation is one of debtor and creditor. *W.R. Grimshaw Co. v. First National Bank & Trust Co. of Tulsa*, 563 P.2d 117 (Okla.1977); *State Guaranty Bank of Okeene v. Doerfler*, 99 Okla. 258, 226 P. 1054 (1924); *White and Summers, Uniform Commercial Code*, § 18–1 (3d ed. 1985). See F. Miller and A. Harrell, *The Law of Modern Payment Systems and Notes*, 262 (1985) where the authors explain that traditionally "the bank-customer relationship has been considered that of a debtor and creditor, founded upon the provisions of the deposit contract (and the rules of Article 4 [of the U.C.C.])." In *Ingram v. Liberty National Bank*, 533 P.2d 975, 977 (Okla.1975) we said:

> The money deposited [in a bank] is no longer the property of the depositor, but becomes the property of the bank, and the bank becomes the debtor to the depositor....

In *Leather Manufacturers' Nat'l Bank v. Merchants' National Bank*, 128 U.S. 26, 9 S.Ct. 3, 32 L.Ed. 342 (1888) the U.S. Supreme Court explained the relationship this way:

> The specific money deposited [in a bank] does not remain the money of the depositor, but becomes the property of the bank, to be invested and used as it pleases; its obligation to the depositor is only to pay out an equal amount upon his demand or order; and proof of refusal or neglect to pay such demand or order is necessary to sustain an action by the depositor against the bank. The bank cannot discharge its liability to account with the depositor to the extent of a deposit, except by payment

to him, or to the holder of a written order from him, usually in the form of a check. *Id.*, 128 U.S. at 34, 9 S.Ct. at 4, explanation added.

This Court cited *Leather Manufacturers'* with approval in *W.R. Grimshaw Co., supra*, and stated that a drawee bank which pays on an item without authority does so with its own money, not its depositor's. *Id.*, 563 P.2d at 120.

In asserting that the statute of limitations began to run when it notified the depositor it had paid the wrong person, bank does not rely upon any provision of Oklahoma's version of the Uniform Commercial Code, but upon four opinions from other jurisdictions.[2] Oklahoma's Uniform Commercial Code at one time expressly stated that a cause of action against the obligor on a certificate of deposit accrues upon demand for payment after date of maturity. 12A O.S.1991 § 3–122.[3] A comment to this section explained that a certificate of deposit is a form of a note, and that "the cause of action does not accrue until demand." 12A O.S.A. § 3–122 (West 1984), Oklahoma Code Comment paragraph 2. This statute was repealed by Laws 1991, c. 117, § 137, effective January 1, 1992.

■ Effective January 1, 1992 a statute of limitations for an action to enforce payment of a certificate of deposit is again linked to a demand for payment. 12A O.S.A. § 3–118 (West 1994), Uniform Commercial Code Comment paragraph 4 discussing § 3–118(e). We need not determine in this proceeding whether § 3–118 applies retroactively.[4] This is because demand for payment by the depositor of a certificate of deposit is required to begin the appropriate limitations period regardless of whether § 3–122 or 3–118 applies.

■ We conclude that when the bank here paid out on the C.D.'s to an unauthorized

---

**2.** *Tillman v. Guaranty Trust Co.*, 253 N.Y. 295, 171 N.E. 61 (1930); *Kansas City Title & Trust Co. v. Fourth Nat. Bank*, 135 Kan. 414, 10 P.2d 896 (1932); *Peppas v. Marshall & Ilsley Bank*, 2 Wis.2d 144, 86 N.W.2d 27 (1957); *Citizens & Southern Nat. Bank v. State Budget & Control Bd.*, 246 S.C. 140, 142 S.E.2d 874 (1965).

**3.** 12A O.S.1981 § 3–122(2) stated:
 (2) A cause of action against the obligor of a demand or time certificate of deposit accrues

upon demand, but demand on a time certificate may not be made until on or after the date of maturity.

**4.** The Oklahoma Comments to 12A O.S.1991 § 3–118 discuss the retroactive application of the section. See 12A O.S.A. § 3–118 (West 1994), Oklahoma Comments, paragraph 1. Our opinion today does **not** address that issue, and retroactive application of § 3–118 is not necessary to our holding herein.

person in 1986 it did so with its own money, not Allied's. The limitations period did not begin until a demand was made. Only on September 21, 1991, when Allied, through its agent in liquidation, first made demand for the funds, and that demand was unsatisfied, did Allied's claim against the bank start the limitations period.

■ Bank argued before the trial court that Allied's inquiries of April and May of 1987 amounted to demands for the funds. Bank is incorrect. Those letters did not request payment, but merely requested information, such as who had requested redemption, the name of the authorized signator, and to whom were the funds disbursed.

This case filed on May 18, 1993 was well within the applicable statute of limitations, whether one uses the five-year or six-year version. The summary judgment in favor of Bank of Oklahoma based upon the statute of limitations is reversed in part and affirmed in part. The judgment is affirmed only insofar as it holds the conversion claim barred. The contract claim was timely brought. The opinion of the Court of Appeals is vacated and the cause remanded for further proceedings in the District Court of Tulsa County.

ALMA WILSON, C.J., KAUGER, V.C.J., and HODGES, LAVENDER, SIMMS, HARGRAVE and WATT, JJ., concur.

OPALA, J., concurs in result.