[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11128
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cv-60608-KMW

CHAU KIEU NGUYEN,
as Representative of Dung Kim Nguyen,
and the Estate of Luong Trung Nguyen,

Plaintiff - Appellant,

DUNG KIM NGUYEN, et al.,

Plaintiffs,

versus

JP MORGAN CHASE BANK, NA,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 22, 2013)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

I.

This is a breach of contract case between Chau Kieu Nguyen, as representative of her mother, Dung Kim Nguyen, and the estate of her father, Luong Trung Nguyen, deceased, and J.P. Morgan Chase Bank, N.A. ("Chase").

Between 1966 and 1975, Luong Trung Nguyen deposited money with a branch of Chase bank in Saigon, Vietnam in a checking account and a savings account, and purchased a certificate of deposit payable to Dung Kim Nguyen. In April 1975, in anticipation of the fall of Saigon to the North Vietnamese army, Chase began evacuating its bank personnel. On April 24, 1975, without giving notice to its depositors, Chase closed its Saigon branch. Saigon fell to North Vietnamese forces on April 30, 1975.

On March 2, 2006, Chau Kieu Nguyen sent Chase a letter demanding payment of the sums in her father's bank accounts plus interest and the redemption of the certificate of deposit, which her mother had assigned to her. Chase indicated that it could not locate records to verify her father's bank accounts or the certificate of deposit and recommended that she contact the Chase branch in Hanoi, Vietnam.

On March 23, 2011, Nguyen filed this action against Chase in the United States District Court for the Southern District of Florida to recover the amounts

2

itemized in her March 2, 2006 demand letter.  Nguyen invoked the District Court's subject matter jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and 12 U.S.C. § 632 (civil suits at common law or in equity involving a U.S. corporation and international or foreign banking transactions), and sought the recovery of the demanded amounts under theories of breach of contract, breach of fiduciary duty, money had and received, unjust enrichment, conversion, constructive trust, and accounting.  Chase moved the court to dismiss the case under Federal Rule of Civil Procedure ("Rule") 12(b)(1) on the grounds (1) that Nguyen lacked standing to sue on the certificate of deposit and to represent the estate because it did not exist and (2) that the court lacked § 1332 jurisdiction because the amount in controversy was less than $75,000.  Conceding that the court had subject matter jurisdiction under § 632 and, assuming that Nguyen had standing to prosecute the claims asserted in her complaint, Chase also moved the court to dismiss her complaint under Rule 12(b)(6) on the grounds that the statutes of limitations of New York, N.Y. C.P.L.R. §§ 213-14 (McKinney 2012), and Florida, Fla. Stat. § 95.11 (2012), barred her claims.[1]

The District Court, acknowledging the presence of § 632 jurisdiction and without resolving the § 1332 jurisdictional issue, addressed the merits of Chase's Rule 12(b)(6) motion.  The court ruled that the New York statute of limitations

---

[1]  Chase asserted the affirmative defense in a Rule 12(b)(6) motion to dismiss on the ground that the allegations of the complaint revealed that Nguyen's claims were time-barred.

3

barred Nguyen's claims.  It therefore dismissed Nguyen's complaint with prejudice and gave Chase a final judgment.  Nguyen now appeals the court's judgment.

## II.

We are satisfied that the District Court had subject matter jurisdiction under 12 U.S.C. § 632 to entertain Nguyen's complaint and that Nguyen had standing to assert her claims.[2]  We therefore address whether Nguyen's claims are time-barred. To answer that question, we must determine whether the court was correct in applying the New York statute of limitations instead of the Florida statute of limitations.  We review the District Court's application of a statute of limitations *de novo*.  *Berman v. Blount Parrish & Co., Inc.*, 525 F.3d 1057, 1058 (11th Cir. 2008).

Under 12 U.S.C. § 632, the court applies the choice-of-law principles of the federal common law, *Corp. Venzolana de Fomento v. Vintero Sales*, 629 F.2d 786, 795 (2d Cir. 1980), which follows the approach of the Restatement (Second) of Conflict of Laws.  *See Morewitz v. West of England Ship Owners Mut. Protection and Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1363 n.13 (11th Cir. 1995) (citing *Scoenberg v. Exportadora de Sal, S.A. de C.V.*, 930 F.2d 777, 782 (9th Cir. 1991)). Under the Restatement, a federal court should apply the statute of limitations of the

---

[2]  Because we accept the allegations made in the complaint as true, Chase's standing argument is meritless.

4

forum—in this case, Florida's statute of limitations. Restatement (Second) of the Conflicts of Laws § 142 (1988).

Nguyen made her demand on Chase on March 2, 2006. Florida's statute of limitations for breach of contract (for contracts in writing) is five years. Fla. Stat. § 95.11(2). The statute bars that claim because more than five years elapsed between March 2, 2006, and March 22, 2011, the day she filed suit. Nguyen's other claims are subject to Florida's four-year statute of limitations, *Id.* § 95.11(3), and are also barred.

The next question thus becomes whether the court would have reached a different result had it adjudicated the case in the exercise of its diversity jurisdiction and applied New York's statutes of limitations.[3] New York's limitations period for breach of contract and other actions not specified by statute is six years.[4] N.Y. C.P.L.R. § 213(1)-(2) (McKinney 2012). The question is whether Nguyen's contract claim accrued on March 2, 2006, the date when she

---

[3] New York's statutes of limitations would apply because, in a diversity case, the district court applies the forum state's choice-of-law rules. *Grupo Televisa, S.A. v. Telemundo Comm. Group, Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007). Under Florida's choice-of-law rules, the statute of limitations of the state having the most significant relationship to the occurrence and parties applies. *Merkle v. Robinson*, 737 So.2d 540, 542 (Fla. 1999). Since New York has the most significant relationship to the occurrence and parties, its statutes of limitations govern.

[4] Under New York's limitation statute, Nguyen's claims for unjust enrichment, accounting, and constructive trust would also have a six-year limitations period. *See* N.Y. C.P.L.R. § 213(1). Nguyen's other claims, conversion and breach of fiduciary duty, are governed by a three-year statute of limitations. N.Y. C.P.L.R. § 214 (McKinney 2012).

demanded payment, or on April 24, 1975, the date the Saigon branch closed.  We conclude that the latter date controls.

Under New York law, there is an implied contract between banks and their depositors that "banks shall keep a deposit until called for[,] and until the banks refuse to pay on demand, they are not in default."  *Sokoloff v. Nat'l City Bank of New York*, 164 N.E. 745, 749 (N.Y. 1928).  Where a demand is required, the statute of limitations does not begin to run until the bank refuses a demand.[5]  A demand, however, is not required where it would be impossible or useless to make.  *Sokoloff*, 164 N.E. at 749 ("Where the bank has disclaimed liability, or for any other reason the demand would be manifestly futile, none need be made.").  Where no demand is required, the statute of limitations begins to run when the cause of action accrues.  *See Tillman v. Guar. Trust. Co.*, 171 N.E. 61, 61 (N.Y. 1930) ("The period of limitation during which an action may be brought must be computed from the time of the accruing of the right to relief by action, except as otherwise specifically prescribed by statute.").[6]

---

[5]  N.Y. C.P.L.R. § 206 ("[W]here a demand is necessary to entitle a person to commence an action, the time within which the action must be commenced shall be computed from the time when the right to make the demand is complete, except that . . . (2) where there was a deposit of money to be repaid only upon a special demand, or a delivery of personal property not to be returned specifically or in kind at a fixed time or upon a fixed contingency, the time within which the action must be commenced shall be computed from the demand for repayment or return.").

[6]  Though *Tillman* construed § 15 of New York's Civil Practice Act, N.Y. C.P.L.R. § 206 was "derived from § 15 of the civil practice act . . . without effecting any change in substance."

Nguyen claims that the statute of limitations began to run when she made a demand on Chase's New York office on March 2, 2006.  Because Nguyen brought her suit on March 23, 2011, and because some of her claims are subject to New York's six-year statute of limitations, she asserts that the District Court erred when it dismissed those claims as time-barred.  Chase contends that a demand was futile because of the circumstances surrounding the close of the Saigon branch.  Nguyen responds that the branch's closure did not render a demand futile because Chase's home office in New York was still open and capable of receiving demands.  There is no dispute that it would have been impossible for Nguyen or her parents to make a demand on the Chase branch in Saigon, for it was forced to shutter its doors due to wartime conditions.  The pivotal issue is whether New York law considers a demand futile when a foreign branch closes but the home office is still open and capable of receiving a demand.

We conclude that under New York law a demand is not necessary in this context.  In *Sokoloff v. National City Bank of New York*, the plaintiff opened an account in National City's branch in Petrograd, Russia and deposited funds within the account.  164 N.E. at 746-47.  Beginning in November 1917, the plaintiff made several attempts to either transfer his funds to another financial institution or to

---

CPLR 206, Legislative Studies and Reports, at 53 (1958), *available at* Practice Commentaries, N.Y. C.P.L.R. § 206 (McKinney 2012).

7

withdraw them from the Petrograd branch, all of which failed. *Id.* at 747-48. By September 1, 1918, during the throes of the Russian Civil War, the Petrograd branch ceased to exist—the Soviet government had seized the bank for other purposes and its employees had fled the country. *Id.* at 749. When the plaintiff brought suit against National City to recover his deposit, the New York Court of Appeals held that no demand was required to maintain his action because the closing of the branch in Petrograd rendered such a demand futile. *Id.* Because a demand would have been futile, the plaintiff's cause of action accrued the moment the bank breached its contract. *Id.* ("When the bank ceased to do business so that [the plaintiff], who wanted his money, could not make a demand and could not draw upon his account, the contract was broken.").

*Sokoloff* therefore stands for the proposition that a demand is futile where the deposit-holding foreign branch has gone out of business because it would be impossible and useless to make a demand on a defunct branch. *See id.* ("The fact that the bank had gone out of business on that date made a demand useless and unnecessary; the law by reason of the contract between the parties will consider the case as if a demand had been made.").[7]

---

[7] Though it is not readily apparent from the face of the decision in *Sokoloff*, we find it reasonable to infer that the National City home office in New York was still operational and not subject to the wartime conditions brought about by the Russian Civil War in Petrograd, Russia. Given this obvious observation, we regard the New York Court of Appeals decision to deem a demand futile because of the closure of a foreign bank branch illuminating to the case at hand.

8

The circumstances surrounding the closure of the Saigon branch in this case are similar to those in *Sokoloff*.  In both instances, a depositor stored funds in a foreign branch of an American bank; the foreign branch was forced to close due to wartime conditions; and, consequently, the depositor was unable to access the funds deposited at that branch.  Because New York law has held that a demand by the plaintiff in *Sokoloff* would have been futile, we conclude that a demand in this case would also have been futile.

Because no demand was required here, the statute of limitations began to run when Chase breached its contract.  *Tillman*, 171 N.E. at 61.  A bank's implied contract with its depositor is breached when the bank's branch ceases to function.  *See Sokoloff,* 164 N.E. at 750 ("The contract was broken, as of September 1, 1918, when the Petrograd branch ceased to function.").  Accordingly, Nguyen's cause of action accrued, and the statute of limitations began to run, on the date of the Saigon branch's closure, April 24, 1975.  Because the suit was not brought within six years of the closure, Nguyen's claims are time-barred under New York law.  *See Tillman*, 171 N.E. at 62 ("By failure to make a demand which is unnecessary, a depositor cannot prevent the period of limitation from running against a cause of action which he is entitled to maintain without demand.").

IV.

9

Nguyen's claims are barred by the statute of limitations under New York law. The District Court's order granting Chase's motion to dismiss Nguyen's complaint for failure to state a claim is therefore

AFFIRMED.