[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11724
Non-Argument Calendar

_____

D.C. Docket No. 0:13-cv-62577-WPD

JOEL PEREZ,
JP GLOBAL EXPRESS, INC.,
other, JMP Global, Inc.,

                                                                    Plaintiffs-Appellants,

versus

FEDEX GROUND PACKAGE SYSTEMS, INC.,

                                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 30, 2014)

Before TJOFLAT, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

Joel Perez and JP Global Express, Inc., (collectively "the plaintiffs") appeal the district court's dismissal of their breach-of-contract suit against FedEx Ground Package Systems, Inc. (FedEx).  For the reasons that follow, we affirm.

I.

Perez contracted with FedEx to provide package pick-up and delivery services.  Specifically, in 1998, Perez entered into a Standard Contractor Operating Agreement (OA) with FedEx, which gave him a proprietary interest in designated routes.  The OA stated, in pertinent part, that "[t]his Agreement shall be governed and construed in accordance with the laws of the Commonwealth of Pennsylvania."  In 2004, Perez incorporated JP Global Express, Inc. and added his new company as a contracting party to the OA.  The plaintiffs eventually acquired a total of four routes for FedEx.  Perez worked one route and hired drivers to handle the other three routes.  All four routes operated out of the Miami terminal and made deliveries within Dade County.

In 2008, FedEx unilaterally reassigned three of the plaintiffs' routes to operate out of the Pompano Beach terminal.  The plaintiffs were unable to comply with the change because their drivers did not want to work out of the new location.  As a result, they ceased to operate two of their routes and Perez elected to drive the remaining Pompano Beach route.  On October 5, 2009, FedEx terminated the OA and reassigned the plaintiffs' routes to other drivers.  FedEx accused Perez of

2

"padding stops," by counting each package delivered to the same address as a separate stop on his route.

Approximately three years later, on August 16, 2012, the plaintiffs moved to join an existing state court action captioned *Encarnacion, et al. v. FedEx Ground Package Sys., Inc.*, Case No.: 09-018531-CI-015 (*Encarnacion*), by filing a motion for leave to amend, which included a copy of the amended complaint sought to be filed in that action.[1]  Following a hearing in October 2013, the state court denied the motion.  On November 4, 2013, the plaintiffs filed the instant suit in state court, alleging breach of contract and the breach of the duty of good faith and fair dealing.  FedEx removed the action to federal court based on diversity jurisdiction and subsequently filed a motion to dismiss, pursuant to Fed. R. Civ. P. (Rule) 12(b)(6).  The district court dismissed the suit, concluding that the plaintiffs' claims were barred by the applicable statute of limitations.

## II.

We review *de novo* the district court's grant of a motion to dismiss under Rule 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  *Ironworkers Local Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1359 (11th Cir. 2011).  A Rule 12(b)(6)

---

[1] The *Encarnacion* matter, filed in Pinellas County state court, involved a multi-plaintiff action brought on behalf of a number of former FedEx pick-up and delivery contractors alleging wrongful termination of their operating agreements.

3

dismissal on statute of limitations grounds is appropriate "if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal quotation marks omitted).

In the instant appeal, the plaintiffs argue that the district court erred in dismissing their claims as time-barred on grounds that: (1) the court should have applied Florida's five-year statute of limitations, as opposed to Pennsylvania's four-year limitations period; (2) the complaint was timely because it "relates back" to a preexisting state court action; and (3) even if Pennsylvania's four-year limitations period applies, their suit should be considered timely based on the discovery rule or equitable tolling. We consider each issue in turn.

III.

A. Statute of Limitations

The parties dispute the governing law for the statute of limitations analysis. The plaintiffs maintain that Florida law applies because that state has the most "significant relationship" to the dispute. FedEx counters that Pennsylvania law controls because the OA included a choice-of-law provision.

"When it exercises jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332, a federal court must apply the choice of law rules of the forum state to determine which substantive law governs the action." *U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.*, 550 F.3d 1031, 1033 (11th Cir. 2008). Contrary to the

4

plaintiffs' suggestion, Florida courts consider the statute of limitations to be substantive rather than procedural. *See e.g.*, *Fulton Cnty. Adm'r v. Sullivan*, 753 So.2d 549, 553 (Fla. 1999) (holding that "statutes of limitations are to be treated as substantive law"); *Merkle v. Robinson*, 737 So.2d 540, 542-43 (Fla. 1999) (noting that Florida "treat[s] statute of limitation choice of law questions the same as 'substantive' choice of law questions").

Here, the OA between the plaintiffs and FedEx contained a choice-of-law provision designating that the OA would be governed by Pennsylvania law. It is well settled that absent a public policy prohibition, Florida courts will enforce a choice-of-law provision in a contract "unless the law of the chosen forum contravenes strong public policy." *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1341 (11th Cir. 2005) (quoting *Mazzoni Farms, Inc. v. E.I. DuPont de Nemours & Co.*, 761 So.2d 306, 311 (Fla. 2000)). The plaintiffs do not allege, and there is no indication in the record, that the choice-of-law provision in the OA conflicted with public policy in Florida. Therefore, the statute of limitations of the parties' chosen forum, Pennsylvania, applies in the instant case.[2]

Under Pennsylvania law, parties have four years to commence "[a]n action upon a contract, obligation or liability founded upon a writing." 42 Pa. Cons. Stat.

---

[2] By contrast, where the parties have not contractually agreed to the applicable law, Florida courts apply "the statute of limitations of the state having the most significant relationship to the occurrence and parties." *Nguyen v. JP Morgan Chase Bank, NA*, 709 F.3d 1342, 1346 n.3 (11th Cir. 2013) (citing *Merkle*, 737 So. 3d at 542).

§ 5525(a)(8) (2002).  "The statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations."  *Montanya v. McGonegal*, 757 A.2d 947, 950 (Pa. 2000) (quotation omitted).   As such, the plaintiffs were required to file their breach-of-contract suit within the requisite four-year limitations period under Pennsylvania law.[3]

The plaintiffs asserted in their complaint that FedEx committed a breach by terminating the OA on October 5, 2009.  As such, they became aware of their right to file suit as of that date, and the four-year limitations period expired on October 5, 2013.  Because the plaintiffs did not initiate this action until November 4, 2013—almost a month after the expiration of the limitations period—the lawsuit was untimely, and the district court correctly dismissed the suit with prejudice.

B. *Encarnacion* Proceeding

In an attempt to persuade this court to the contrary, the plaintiffs argue that their instant suit should be considered timely because they moved for leave to join the *Encarnacion* action on August 16, 2012, within the four-year limitations period.  In the first instance, the plaintiffs failed to acknowledge that they were unsuccessful in their bid to join the *Encarnacion* suit because the state court denied

---

[3] To the extent that the plaintiffs intended to plead an independent claim for breach of the duty of good faith and fair dealing, the same four-year statute of limitations applies because that claim is predicated upon "[a]n action upon a contract, obligation or liability founded upon a writing."  42 Pa. Cons. Stat. § 5525(a)(8) (2002).

their motion to amend and the state appellate court dismissed their appeal. Moreover, although the plaintiffs rely on Florida law to argue that the filing of a motion to amend satisfies the applicable statute of limitations, as discussed above, the parties contracted to have Pennsylvania law govern their instant dispute.

Under Pennsylvania law, the filing of a prior complaint or a motion to amend does not toll the statute of limitations for a subsequently filed complaint involving the same allegations. *See Aivazoglou v. Drever Furnaces*, 613 A.2d 595, 598 (Pa. 1992) (concluding that plaintiffs' claims were time-barred because the amended complaint was filed after the running of the statute of limitations, even though the motion to amend had been filed prior to the expiration of the limitations period). Thus, the district court properly rejected the plaintiffs' argument that their instant complaint "relates back" to their attempt to join the *Encarnacion* action.

C. Discovery Rule/Equitable Tolling

We are also unpersuaded by the plaintiffs' assertion that the four-year statute of limitations should be tolled under Pennsylvania law by either the discovery rule or equitable tolling. The discovery rule—which applies "to toll the statute of limitations in any case where a party neither knows nor reasonably should have known of his injury and its cause at the time his right to institute suit arises"—is inapplicable here, as the plaintiffs do not dispute that they were aware of their

7

alleged injury on the date that the OA was terminated. *Fine v. Checcio*, 870 A.2d 850, 859 (Pa. 2005).

The plaintiffs counter that the limitations period only began to run when they learned that FedEx had waived the terms of the arbitration provision in the OA and that they had a litigable claim.[4] But the relevant inquiry is when the plaintiffs knew or should have known of the existence and cause of their injury; it is irrelevant when the plaintiffs identified their exact claims or the appropriate forum for advancing their arguments. *See Romah v. Hygienic Sanitation Co.*, 705 A.2d 841, 857 (Pa. Super. Ct. 1997), *aff'd* 737 A.2d 249 (Pa. 1999) ("[W]ith respect to knowledge of a claim, plaintiffs need not know that they have a cause of action, or that the injury was caused by another party's wrongful conduct, for once a plaintiff possesses the salient facts concerning the occurrence of his injury and who or what caused it, he has the ability to investigate and pursue his claim.") (internal quotation marks and emphasis omitted)).

Likewise, equitable tolling is not warranted because the plaintiffs cannot show that FedEx in any way acted fraudulently or concealed facts in an attempt to prevent them from filing their claim. *See Molineux v. Reed*, 532 A.2d 792, 794 (Pa. 1987) (Pennsylvania law recognizes that fraudulent concealment by a potential defendant can result in the tolling of the statute of limitations). The plaintiffs

---

[4] The plaintiffs never specify when they learned that FedEx had waived the arbitration provision in the OA.

maintain that they were unaware that FedEx would agree to waive the OA's arbitration provision. But they offer no explanation to account for their failure to pursue relief through arbitration or the court system after they learned that FedEx had terminated the OA on October 5, 2009. Instead, the plaintiffs waited almost three years before filing an unsuccessful motion to join the *Encarnacion* proceeding in state court. Accordingly, the district court correctly determined that equitable tolling was not warranted under these circumstances.

**AFFIRMED.**