**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 04 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

DERRON GERARD FLORES,
administrator of the Estate of Donald G.
Flores,

        Plaintiff - Appellant,

v.

FIRST HAWAIIAN BANK,

        Defendant,

 and

MUFG UNION BANK, N.A, fka Union
Bank of California, fka Union Bank, N.A.,

        Defendant - Appellee.

No. 13-17434

D.C. No. 1:11-cv-00022

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern Mariana Islands
Ramona V. Manglona, Chief District Judge, Presiding

Argued and Submitted February 11, 2016
University of Hawaii Manoa, Honolulu, Hawaii

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

---

     [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Plaintiff Derron Gerard Flores, administrator of the Estate of Donald G. Flores ("Decedent"), appeals the district court's grant of summary judgment to Defendant Union Bank on the ground that the statute of limitations bars Plaintiff's claims and appeals the award of attorney fees to Defendant. Reviewing de novo the grant of summary judgment, Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir. 2011), and for abuse of discretion the award of attorney fees, Goodman v. Staples Office Superstore, LLC, 644 F.3d 817, 822 (9th Cir. 2011), we affirm in part, reverse in part, and remand for further proceedings.

1. We reverse the district court's holding that the statute of limitations began to run in 1999. Under relevant law of the Commonwealth of the Northern Mariana Islands ("CNMI"), a "cause of action against the obligor of a demand or time certificate of deposit accrues upon demand." 5 CMC § 3122(2). The district court held that Decedent's visit to the Bank in 1999 and his inquiry—"how I get my money"—constituted a demand.

We disagree. It is disputed whether Decedent was requesting payment or merely inquiring about the process by which to redeem his time certificate of deposit ("TCD"). But, even if Decedent requested payment, the Bank did not refuse to pay him at that time. Instead, it simply told him to bring in his TCD, which was a conditional acceptance.

2

The statute of limitations did not begin to run until Decedent's demand was refused. Although this is an issue of first impression in the CNMI, every court to consider what constitutes a "demand" in the context of suing on a certificate of deposit requires not only an unequivocal "demand," but also a refusal. See, e.g., Statute of Limitations as Applied to Certificate of Deposit, 128 A.L.R. 157 (1940); Allied Fid. Ins. Co. v. Bank of Okla., N.A., 894 P.2d 1101, 1105 (Okla. 1995) (statute of limitations began to run when unequivocal demand was unsatisfied); Edelmann v. Chase Manhattan Bank, N.A., 861 F.2d 1291, 1302 n.66 (1st Cir. 1988) ("Demand occurs upon presentment and refusal to pay." (quoting Garcia v. Chase Manhattan Bank, N.A., 735 F.2d 645, 648 (2d Cir. 1984))); Erwin v. Erwin, 41 N.E.2d 644, 646 (Ind. Ct. App. 1942) ("great weight of authority" holds that claim does not accrue until there has been a refusal). When we confront an issue of first impression under state law, we must decide what we think the highest state court would do. Med. Lab. Mgmt. Consultants v. Am. Broad. Cos., 306 F.3d 806, 812 (9th Cir. 2002). Here, we conclude that the CNMI Supreme Court would follow the general rule and hold that a refusal is required to begin the statute of limitations after a demand for payment of a certificate of deposit has been made. Accordingly, Decedent's cause of action did not accrue in 1999.

3

2. On June 10, 2008, Decedent wrote to the Bank, formally requesting payment. This action was unequivocally a demand that was refused on September 22, 2008, when the Bank wrote back. We therefore hold that a cause of action accrued on that date and began the statute of limitations period.

3. Decedent filed this action on September 22, 2011, claiming breach of contract, unjust enrichment, negligence, fraud, and violation of the CNMI Consumer Protection Act. In the CNMI, the statute of limitations for contract claims is six years. Century Ins. Co. v. Guerrero, 2009 MP 16 ¶ 7, 2009 WL 4855961, at *2 (N. Mar. I. 2009). The period is four years for claims under the Consumer Protection Act. 4 CMC § 5110. It is two years for tort claims. 7 CMC § 2503(d). Therefore, we hold that Decedent's contract claims and Consumer Protection Act claim are not barred by the statute of limitations; his tort claims are time-barred.

4. Decedent argues that fraudulent concealment tolls the statute of limitations for his tort claims. But Decedent did not raise a material issue of fact that Defendant fraudulently concealed facts that prevented him from discovering his claim. Accordingly, the fraudulent concealment claim fails.

5. Defendant argues that, notwithstanding the statute of limitations, laches should apply to bar his claims. A party claiming a laches defense bears the burden

4

to show "(1) inexcusable delay in the assertion of a known right; and (2) the party asserting laches was prejudiced." In re Estate of Rios, 2008 MP 5 ¶ 9, 2008 WL 986043, at *3 (N. Mar. I. 2008). The Bank has shown neither inexcusable delay nor prejudice. Even assuming that laches could apply in addition to the applicable statute of limitations, the doctrine would not bar Plaintiff's claims.

6. Finally, Decedent argues that the district court erred in awarding attorney fees despite denying a grant of a motion to compel. Federal Rule of Civil Procedure Rule 37 provides that the court must award attorney fees for a motion to compel "[i]f the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed." Here, Decedent produced all tax documents in his possession after Defendant had filed a motion to compel. For that reason, the district court correctly awarded attorney fees to Defendant.

**AFFIRMED in part, REVERSED in part, and REMANDED.** The parties shall bear their own costs on appeal.

*Flores v. MUFG Union Bank, N.A.*, No. 13-17434

BYBEE, Circuit Judge, concurring in part and in the judgment, dissenting in part:

I agree with the majority's decision holding that summary judgment in favor of Union Bank ("the Bank") was inappropriate at this stage in the litigation, and concur in the judgment that this case should be remanded to the district court. *See* Mem. Dispo. at 2. I also agree that Decedent's fraudulent concealment claim fails, *see* Mem. Dispo. at 4, that the doctrine of laches does not apply to this case, *see* Mem. Dispo. at 4–5, and that the district court properly awarded attorney fees to the Bank, *see* Mem. Dispo. at 5.

I part ways with the majority, however, as to what is necessary under the governing law of the Commonwealth of the Northern Mariana Islands ("CNMI") to trigger the two, four, and six-year limitations periods at issue here. *See* Mem. Dispo. at 2–4. 5 CMC § 3122(2) explains that a "cause of action against the obligor of a . . . time certificate of deposit accrues *upon demand*." (Emphasis added.) The majority, however, reads into § 3122(2) a refusal requirement, holding that "refusal is required to begin the statue of limitations after a demand for payment of a certificate of deposit has been made." Mem. Dispo. at 3. This requirement is absent from the text of the CNMI statute, and, as the majority rightly points out, such a requirement has never been found by the CNMI Supreme Court. *See* Mem. Dispo. at 2 (noting that "what constitutes a 'demand'" is "an

issue of first impression in the CNMI"). Although the weight of out-of-jurisdiction authority favors the majority's reading of the statute, *see* Mem. Dispo. at 2–3, I see no need to answer this question on behalf of the CNMI Supreme Court, especially as the district court did not pass on the issue.

Instead, I think that summary judgment was improper because there is a disputed issue of material fact—whether Decedent's 1999 conversation with a Bank representative constituted a demand or merely a request for information. If the finder of fact was to determine that the conversation *was* a demand, then I think the statute of limitations on all Decedent's claims began ticking in 1999, rendering all his claims time-barred when he brought his suit in 2011. Alternatively, if the finder of fact was to determine that the conversation *was not* a demand, then I think the statute of limitations would not begin running until Decedent's counsel wrote a letter to the Bank demanding payment in 2008, rendering only his tort claims time-barred.

Even if I were to agree with the majority's reading of § 3122(2) and hold that both a demand from the Decedent and a refusal from the Bank are necessary to start the statute-of-limitations clock, I do not believe the outcome I have outlined above would change. If, on remand, the finder of fact were to determine that Decedent's 1999 conversation with a Bank representative was a demand, then

2

didn't the Bank refuse that demand? Perhaps the Bank did not say, "Mr. Flores, we are refusing your demand and you may not have your money," but Decedent certainly did not walk out of the Bank with $200,000 in his pocket. If the Bank's response was not a refusal, what was it? A "conditional acceptance," *see* Mem. Dispo. at 2, as the majority terms it? A contingent refusal? The practical effects of the Bank saying "no" and the Bank saying "no, because you don't have your certificate of deposit" are the same—both are refusals of Decedent's immediate demand of "I'd like my money right now, please."[1] As the Oklahoma Supreme Court observed when examining a similar statute under Oklahoma law, the statute of limitations began running only after the holder of the certificate of deposit, "first made demand for the funds, and that demand *was unsatisfied*." *Allied Fid. Ins. Co. v. Bank of Okla., N.A.*, 894 P.2d 1101, 1105 (Okla. 1995) (emphasis added). That is precisely what the finder of fact could determine happened here: Decedent made a demand and it was unsatisfied. The majority has stepped into the role of factfinder and decided that the Bank did not refuse the Decedent. If the majority is unsure—as I am—that Decedent demanded his money, I don't see how the

---

[1] The majority resists this conclusion, noting that "even if Decedent requested payment, the Bank did not refuse to pay him," and instead "simply told him to bring in" his certificate of deposit. Mem. Dispo. at 2. When one is in need of $200,000 and cannot find his certificate of deposit to redeem that $200,000, this seems to me a distinction without a difference.

3

majority gets to decide that the Bank didn't refuse him.

Because I would decline to read a refusal requirement into § 3122(2) where the CNMI Supreme Court has not, as to that issue, I respectfully dissent. And, even if I agreed with the majority's construction of § 3122(2), I think the issues of demand and refusal should be decided by a jury.