BYBEE, Circuit Judge,
concurring in part and in the judgment, dissenting in part:
I agree with the majority’s decision holding that summary judgment in favor of Union Bank (“the Bank”) was inappropriate at this stage in the litigation, and concur in the judgment that this case should be remanded to the district court. See Mem. Dispo. at 2. I also agree that Decedent’s fraudulent concealment claim fails, see Mem. Dispo. at 4, that the doctrine of laches does not apply to this case, see Mem. Dispo. at 4-5, and that the district court properly awarded attorney fees to the Bank, see Mem. Dispo. at 5.
I part ways with the majority, however, as to what is necessary under the governing law of the Commonwealth of the Northern Mariana Islands (“CNMI”) to trigger the two, four, and six-year limitations periods at issue here. See Mem. Dispo. at 2-4. 5 CMC § 3122(2) explains that a “cause of action against the obligor of a ... time certificate of deposit accrues upon demand," (Emphasis added.) The majority, however, reads into § 3122(2) a refusal requirement, holding that “refusal is required to begin the statue of limitations after a demand for payment of a certificate of deposit has been made.” Mem. Dispo. at 3. This requirement is absent from the text of the CNMI statute, and, as the majority rightly points out, such a requirement has never been found by the CNMI Supreme Court. See Mem. Dispo. at 2 (noting that “what constitutes a ‘demand’ ” is “an issue of first impression in the CNMI”). Although the weight of out-of-jurisdiction authority favors the majority’s reading of the statute, see Mem. Dispo. at 2-3,1 see no need to answer this question on behalf of the CNMI Supreme Court, especially as the district court did not pass on the issue.
Instead, I think that summary judgment was improper because there is a disputed issue of material fact — whether Decedent’s 1999 conversation with a Bank representative constituted a demand or merely a request for information. If the finder of fact was to determine that the conversation was a demand, then I think the statute of limitations on all Decedent’s claims began ticking in 1999, rendering all his claims time-barred when he brought his suit in 2011. Alternatively, if the finder of fact was to determine that the conversation was not a demand, then I think the statute of limitations would not begin running until Decedent’s counsel wrote a letter to the Bank demanding payment -in 2008, rendering only his tort claims time-barred.
Even if I were to agree with the majority’s reading of § 3122(2) and hold that both a demand from the Decedent and a refusal from the Bank are necessary to start the statute-of-limitations clock,.I do not believe the outcome I have outlined above would change. If, on remand, the finder of fact were to determine that Decedent’s 1999 conversation with a Bank representative was a demand, then didn’t the Bank refuse that demand? Perhaps the Bank did not say, “Mr. Flores, we are refusing your demand and you may not have your money,” but Decedent certainly did not walk out of the Bank with $200,000 in his pocket. If the Bank’s response was not a refusal, what was it? A “conditional acceptance,” see Mem. Dispo. at 2, as the majority terms it? A contingent refusal? The practical effects of the Bank saying “no” and the Bank saying “no, because you don’t have your certificate of deposit” are *700 the same — both are refusals of Decedent’s immediate demand of “I’d like my money right now, please.”[1] As the Oklahoma Supreme Court observed when examining a similar statute under Oklahoma law, the statute of limitations began running only after the holder of the certificate of deposit, “first made demand for the funds, and that demand was unsatisfied.” Allied Fid. Ins. Co. v. Bank of Okla., N.A., 894 P.2d 1101,1105 (Okla.1995) (emphasis added). That is precisely what the finder of fact could determine happened here: Decedent made a demand and it was unsatisfied. The majority has stepped into the role of factfinder and decided that the Bank did not refuse the Decedent. If the majority is unsure — as I am — that Decedent demanded his money, I don’t see how the majority gets to decide that the Bank didn’t refuse him.
Because I would decline to read a refusal requirement into § 3122(2) where the CNMI Supreme Court has not, as to that issue, I respectfully dissent. Arid, even if I agreed with the majority’s construction of § 3122(2), I think the issues of demand and refusal should be decided by a jury.

. The majority resists this conclusion, noting that "even if Decedent requested payment, the Bank did not refuse to pay him,” and instead "simply told him to bring in" his certificate of deposit. Mem. Dispo. at 2. When one is in need of $200,000 and cannot find his certificate of deposit to redeem that $200,000, this seems to me a distinction without a difference.